# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2026

Lyle W. Cayce
Clerk

No. 25-50930
Summary Calendar

─────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Agustin Ruiz-Vazquez,

*Defendant—Appellant*.

─────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CR-266-1

─────────────────────────────

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Agustin Ruiz-Vazquez challenges his sentence for illegal reentry under 8 U.S.C. § 1326(b)(1), asserting that the statute is unconstitutional because it treats a prior conviction that increases the statutory maximum as a sentencing factor rather than an element of the offense. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United*

─────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50930

*States*, 523 U.S. 224 (1998), but wishes to preserve it for further review. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024).

Because the only issue before us is foreclosed by precedent and "there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we GRANT the Government's motion for summary affirmance and DENY its alternative motion for an extension of time to file a brief. The judgment of the district court is AFFIRMED.